United States District Court
Middle District of Florida
Jacksonville Division

**UNITED STATES OF AMERICA**

**v.** **NO. 3:26-cr-156-MMH-LLL**

**WILLIAM LINTAG UPHAM**

---

# Order

This cause is before the Court on the Order for competency evaluation of defendant under 18 U.S.C. § § 4241(d) and 4247, doc. 28. In its Order, the Court appointed Jason A. Demery, Ph.D., ABPP, an expert in the field of psychology, to conduct the examination. Dr. Demery produced his report to the Court on October 6, 2026, opining that defendant is neither competent to stand trial, nor to represent himself.

On October 14, 2026, the Court held a hearing, doc. 36, where the parties stipulated to the findings in the report, which concluded that defendant was not competent. Beyond the report, doc. 37, no additional evidence was presented on the issue of competency. Based on the evidence presented and the parties' agreement on the findings in the report, I find by the preponderance of the evidence that defendant is not mentally competent as defined in section 4241(a).

Pursuant to 18 U.S.C. § 4241(d) and § 4247(b), defendant is committed to the custody of the Attorney General to be hospitalized for treatment in a suitable facility. The term of commitment is for such a reasonable period of time, not to exceed four

months, as is necessary to determine whether there is a substantial probability in the foreseeable future that defendant will attain the capacity to permit the case to proceed. *See* 18 U.S.C. § 4241(d)(1).

The facility's director must select one or more licensed or certified psychiatrists or psychologists for the defendant's treatment and examination. If the facility's director determines that the defendant has recovered to such an extent that the defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the facility's director must promptly file a certificate to that effect with the clerk of this Court and, regardless, must prepare a psychiatric or psychological report that addresses whether he is currently competent to proceed with the case, *see* 18 U.S.C. § 4247(b) & (c), and includes this information:

1. the defendant's history and present symptoms;
2. a description of the psychiatric, psychological, and medical tests that were employed and their results;
3. the examiner's findings;
4. the examiner's opinions as to diagnosis, prognosis; and
5. the examiner's opinion as to whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense (and, if the examiner's opinion is affirmative as to either, whether there is a substantial probability in the foreseeable future that he will attain the capacity to permit the trial to proceed).

The facility must provide the report to the following persons:

1. The Honorable Laura Lothman Lambert
   United States Magistrate Judge
   300 North Hogan Street, Suite 5111
   Jacksonville, Florida 32202

2. Kelli Swaney
   Assistant United States Attorney
   300 North Hogan Street, Suite 700
   Jacksonville, Florida 32202

   and

3. Scott Schmidt, Esquire
   200 West Forsyth Street
   Suite 1240
   Jacksonville, Florida 32202

The United States Marshal must immediately transport the defendant to the facility designated for his treatment and examination by the most expeditious and direct means available. The Court directs the United States to submit status reports every 90 days regarding the status of defendant's transportation and placement to a suitable facility designated for his treatment; first status report is due on or before January 12, 2027.

**Ordered** in Jacksonville, Florida on October 20, 2026.

/s/ Laura Lothman Lambert
*United States Magistrate Judge*

c:
Kelli Swaney, Assistant United States Attorney
Scott Schmidt, Esquire
U.S. Marshals Service (4 certified copies)
U.S. Pretrial Services
U.S. Probation